IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KZSA BROADCASTING, INC., A California corporation; DIAMOND BROADCASTING, a California corporation,<br><br>            Plaintiffs,<br><br>     v.<br><br>IMMACULATE HEART RADIO EDUCATIONAL BROADCASTING, INC., a California non-profit corporation, DOUGLAS M. DAGGS, SUCCESSOR TRUSTEE OF THE SYLVIA DELLAR TRUST, SUCCESSOR TRUSTEE OF THE DELLAR FAMILY TRUST; Roes 1-10,<br><br>            Defendants. | 2:10-cv-01213-GEB-EFB<br><br>ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER |

Plaintiffs have filed an application for an <u>ex parte</u> temporary restraining order ("TRO") in which they request that the court enjoin Defendants from:

> (1) removing, storing, concealing[,] preventing access and removal of, use, direct or indirect use, direct or indirect blocking access to or peaceful removal of any and all of Plaintiff's broadcast transmission equipment, including a 200 foot antenna transmission tower and all property removed by Defendants on or about May 4, 2010 from the property Plaintiffs formally leased by Plaintiffs to an undisclosed location and all broadcast and transmission equipment that remains on the property that Plaintiffs' formerly leased (collectively "The KZSA/Diamond Property"); and (2) to immediately cease and desist from making use of any of The KZSA/Diamond Property directly or indirectly by any means.

1  (TRO Application 2:1-15.)  Plaintiffs, however, have not shown they
2  are entitled to an <u>ex parte</u> TRO.
3          Federal Rule of Civil Procedure 65(b)(1) prescribes:

>       The court may issue a temporary restraining order
>       without written or oral notice to the adverse
>       party or its attorney only if:
>       (A) specific facts in an affidavit or a verified
>           complaint clearly show that immediate and
>           irreparable injury, loss, or damage will
>           result to the movant before the adverse party
>           can be heard in opposition; and
>       (B) the movant's attorney certifies in writing any
>           efforts made to give notice and the reasons
>           why it should not be required.

Fed. R. Civ. P. 65(b)(1).  Further, Local Rule 231(a) details the type of notice the movant is required to provide to the adverse party:

>       Except in the most extraordinary of circumstances,
>       no temporary restraining order shall be granted in
>       the absence of actual notice to the affected party
>       and/or counsel, by telephone or other means, or a
>       sufficient showing of efforts made to provide
>       notice.  Appropriate notice would inform the
>       affected party and/or counsel of the intention to
>       seek a temporary restraining order, the date and
>       time for hearing to be requested of the Court, and
>       the nature of the relief requested. Once a specific
>       time and location has been set by the Court, the
>       moving party shall promptly give additional notice
>       of the time and location of the hearing.

E.D. Cal. R. 231(a).

      Plaintiffs' TRO application includes declarations from Paula Nelson, the owner of KZSA Broadcasting, Inc. and Diamond Broadcasting Inc., and S. Raye Mitchell, Plaintiffs' counsel.  However, neither of these declarations satisfy the requirements in Federal Rule of Civil Procedure 65(b)(1) and Local Rule 231(a) concerning notice and Plaintiffs' obligation to demonstrate irreparable injury.

      Further, Plaintiffs' TRO application and the supporting declarations refer to a TRO application Defendant Daggs filed in "Sacramento Superior Court to obtain a temporary restraining order

". . . to bar [Plaintiff] KZSA [Broadcasting, Inc.] from obtaining [KZSA's] property which [Plaintiffs' assert] has been unlawfully converted."  (Nelson Decl. ¶ 10.)  This indicates that the relief Plaintiffs seek through their TRO application in federal court could conflict with relief Defendant Daggs seeks in the TRO application he filed earlier in the Sacramento Superior Court.  Specifically, Defendant Daggs' TRO application could lead to an injunction precluding Plaintiffs from obtaining and possessing the same property Plaintiffs seek to have this federal court compel Defendants to allow Plaintiffs to possess.  This indicates that even if Plaintiffs could ultimately satisfy applicable injunction factors in this federal action, since control of the property appears to be litigated in two courthouses-federal court and state court-Plaintiffs would need to address whether equity and comity "counsels in favor of deferring to [Defendant Daggs'] parallel state-court suit."  *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 28 (1983).

For the stated reasons, Plaintiffs' *ex parte* TRO application is DENIED.

Dated:  May 20, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge