IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KZSA BROADCASTING, INC, A California corporation; DIAMOND BROADCASTING, a California corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>IMMACULATE HEART RADIO EDUCATIONAL BROADCASTING, INC, a California non-profit corporation, DOUGLAS M. DAGGS, SUCCESSOR TRUSTEE, OF THE SYLVIA DELLAR TRUST, DOUGLAS M. DAGGS, SUCCESSOR TRUSTEE OF THE DELLAR FAMILY TRUST, WEST AUCTIONS, INC, GREAT AMERICAN MOVERS, INC: Roes 1-10,<br><br>    Defendants. | 2:10-cv-01213-GEB-EFB<br><br>ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE REFERENCES TO TRUSTEE OF NON-EXISTENT TRUSTS AND DENYING DEFENDANT'S MOTION TO DISMISS[*] |

    Defendant Douglas M. Daggs, Successor Trustee of the Sylvia Dellar Survivor's Trust ("Defendant") moves to strike references to two trusts named in the First-Amended Complaint under Federal Rule of Civil Procedure ("Rule") 12(f), arguing they do not exist; therefore, all references to them are immaterial. Defendant moves in the alternative for an order dismissing the action against him in any capacity other

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

than as the Successor Trustee of the Sylvia Dellar Survivor's Trust under Rule 12(b).

## I. LEGAL STANDARD

Under Rule 12(f) "any redundant, immaterial, impertinent or scandalous matter" may be stricken from a pleading. "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Bowman v. Associates Home Equity Service, No. CIV-S-06-0463 DFL EFB PS, 2008 WL 906276, at *4 (E.D. Cal. March 31, 2008)(quotation omitted).

When deciding a motion to strike, "the court views the pleading under attack in the light most favorable to the pleader." Estate of Manzo v. County of San Diego, No. 06cv60 BTM (WMC), 2009 WL 559832, at *3 (S.D. Cal. March 3, 2009) (citation omitted). Further, "[t]he grounds for a motion to strike must appear on the face of the pleading or upon a matter judicially noticed by the court." Id. (citation omitted). "Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." LeDuc v. Kentucky Cent. Life Ins. Co., 814 F. Supp. 820, 830 (1992).

## II. DISCUSSION

Plaintiffs name five defendants in the First-Amended Complaint, including: Douglas M. Daggs, successor trustee of the Sylvia Dellar Trust; and Douglas M. Daggs, successor trustee of the Dellar Family Trust. (Pls.' First Am. Complaint.) Defendant argues all references to these two trusts should be stricken from the First-Amended Complaint because:

> [T]here has never been a trust entitled "SYLVIA DELLAR TRUST" and Mr. Daggs has never been a trustee to a trust so named.
>
> In addition, while there had existed a trust entitled "THE DELLAR FAMILY TRUST," that trust has been wound down. That trust no longer exists. Perhaps most importantly, Mr. Daggs has never been a trustee to a trust so named.
>
> As set forth below and in Exhibit 1 hereto, The Dellar Family Trust was created by Mr. and Mrs. Dellar. The assets of The Dellar Family Trust were automatically rolled into The Sylvia Dellar Survivor's Trust following the death of Mr. Dellar. Ultimately, Mr. Daggs became the successor trustee of The Sylvia Dellar Survivor's Trust upon the death of Mrs. Dellar.
>
> The proper defendant is DOUGLAS M. DAGGS, SUCCESSOR TRUSTEE TO THE SYLVIA DELLAR SURVIVOR'S TRUST.

(Def.'s Mot. to Strike ("Mot."), 2:10-11.)

Plaintiffs "do not oppose an order correcting the name of Defendant 'The Sylvia Dellar Trust' to . . . 'The Sylvia Dellar Survivor's Trust'[,]" conceding "[it is] the intended and correct party." (Pls.' Opp'n to Mot. to Strike ("Opp'n") 2:26-27, 3:13-14.) Plaintiffs state they offered to stipulate to substitute the correct party, but Defendant refused. (Opp'n 2:15-18.) Plaintiffs oppose striking references to the Dellar Family Trust, however, arguing "[this] is a motion asserting factual allegations" without evidentiary support, and "the motion seeks relief based upon a factual dispute," which is inappropriate at the pleadings stage. (Opp'n 2:3-8.)

Plaintiffs allege in the First-Amended Complaint that the "Dellar Family Trust" is the record owner and landlord of the real property at issue in this action. (Pls.' First Am. Compl. ¶¶ 3, 11.) Although Defendant contends the Dellar Family Trust "no longer exists," his argument is not supported by any evidence, which can properly be

3

considered when deciding his motion to strike. Therefore, Defendant's motion to strike all references to the "Dellar Family Trust" is denied. Defendant's alternative motion to dismiss is denied for the same reasons. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)(quotations and citation omitted) ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.").

However, since the parties agree that "The Sylvia Dellar Trust" is not a proper defendant in this action, all references to "Douglas M. Daggs, Successor Trustee to the Sylvia Dellar Trust" and the "Sylvia Dellar Trust" are stricken from the First-Amended Complaint.

### III. CONCLUSION

For the stated reasons, Defendant's motion to strike is granted and denied in part, and Defendant's alternative dismissal motion is denied. Plaintiffs are granted fourteen (14) days from the date on which this order is filed to file a Second Amended Complaint to add Douglas M. Daggs, Successor Trustee to the Sylvia Dellar Survivor's Trust as a defendant.

Dated: September 20, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

4